| | |
|---|---|
| 1 | SANDI M. COLABIANCHI (SBN 193872) |
| | GORDON & REES LLP |
| 2 | 275 Battery Street, Suite 2000 |
| | San Francisco, CA  94111 |
| 3 | Telephone:     (415) 986-5900 |
| | Facsimile:      (415) 986-8054 |
| 4 | Email:  scolabianchi@gordonrees.com |
| 5 | Counsel for DORIS KAELIN, |
| | Chapter 11 Trustee |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re | CASE NO.  13-52717 TEC |
| | Chapter 7 |
| JEFFREY ROBERT CUSKEY and | |
| PATRICIA BRADY CUSKEY, | **MOTION TO SELL REAL PROPERTY, SUBJECT TO OVERBID, AND FREE AND CLEAR OF LIENS OF INTERNAL REVENUE SERVICE** |
| Debtors. | |
| | Date:       November 17, 2015 |
| | Time:       9:30 p.m. |
| | Judge:      Hon. Thomas E. Carlson |
| | Place:      99 South "E" Street |
| | Santa Rosa, California 95404 |

Doris Kaelin, Chapter 11 Trustee ("Trustee") of the estate of the above named Debtors, requests authority to sell the real property located at 1059 Matador Road, Pebble Beach, California ("Property") to John and Francine Katsoudas ("Buyers") for the purchase price of $2,395,000 ("Purchase Price") free and clear of the liens filed by the Internal Revenue Service, and for an order requiring the Debtors to vacate the Property.  The Trustee has filed a motion to convert this case to chapter 7 and, in the event the case is converted prior to the hearing on this motion to sell, the Trustee anticipates requesting authority to proceed with this motion to sell as chapter 7 trustee.

## 1. FACTUAL BACKGROUND

The Property is the Debtors' residence. The Trustee's broker, Jamal Noorzoy with Alain Pinel Realtors, has actively marketed the Property for approximately two years. The offer from the Buyers is the highest and best offer received. Based on the assessment of the value by the Trustee's real estate broker, the length of time that the Property has been marketed and that the offer from the Buyers is the highest offer received, the Trustee believes that the proposed sale is in the best interest of the estate.

There are two liens recorded against the Property. A first deed of trust is held by Pennymac and is estimated to be approximately $1.93 million based on the relief from stay motion previously filed. A payoff statement has been requested. In addition, the Internal Revenue Service has recorded three liens against the Property. The proof of claim filed by the IRS indicates that the total secured claim is $314,393.44. The IRS' secured claim is primarily based on substitute tax returns that the Debtor did not file and the IRS filed. The Debtors dispute the IRS claim and assert that they are entitled to deductions which the IRS did not account for in the returns. The Trustee was appointed approximately one month ago and has requested the supporting documents from the Debtors so that her accountant can assess the IRS claim and file amended returns as appropriate.

The Trustee is requesting authority to sell the Property free and clear of the IRS's liens, with the liens to reattach to the proceeds, if and to the extent valid, on the grounds that the liens are in bona fide dispute under §363(f)(4) of the Bankruptcy Code. The Trustee proposes to file amended returns and/or an objection to the IRS' secured claim within 120 days of the entry of an order approving the sale, and if the amended returns or objection to the IRS secured claim are not filed by that time, the Trustee requests authority to pay the remaining proceeds up to the amount of the IRS' lien and, if requested pursuant to § 506(c) prior to such time, less the Trustee's and her professionals fees and expenses. The IRS' lien is also secured by the Debtors' condo located on Ocean Pines in Pebble Beach. There appears to be equity in this property and so the IRS is expected to remain fully secured for any balance.

The Trustee also requests authority in connection with the sale to pay costs of sale, the

seller's portion of property taxes, the lien held by Pennymac, and the broker commission of 5% of the Purchase Price.

Broker Compensation. The Trustee intends to compensate her real estate broker, Jamal Noorzoy with Alain Pinel Realtors, by paying a 5 percent commission calculated on the sale price to be split with the buyer's real estate broker, another agent with Alain Pinel Realtors, as further disclosed in the application to employ Alain Pinel Realtors.

Requirement for Debtors to Vacate Property. The Property is required to be vacant by the close of escrow. One of the Debtors currently occupies the Property. In order to allow the Property to be sold for the benefit of the estate, the Trustee requests that the Court enter an order requiring the Debtors to vacate the Property by November 23, 2015.

Overbid Procedure. Any party interested in making an overbid must contact the Trustee's real estate agent, Jamal Noorzoy at Alain Pinel Realtors, jamal@homesofcarmel.com, phone 831-277-5544, in writing, and provide a deposit in the amount of $50,000, along with acceptable documentation concerning financing, by November 10, 2015. In the event the Trustee through her broker receives written notice from a party interested in overbidding, a deposit, and acceptable documentation concerning financing, an overbid auction will be held. The deposit will become non-refundable as to the successful bidder following any overbid auction. All overbids must be without contingencies. Any party interested in obtaining further information concerning the Property or in viewing the Property should contact Mr. Noorzoy.

2. ANALYSIS

**A. Sale of Property**

The Property was listed for sale by the Broker over two years ago. After marketing the Property for over two years, including weekly advertising, about twenty-five showings and an average of two hundred fifty web views per week, the Broker received the offer from the Buyers. Based on the assessment of the value by the Trustee's real estate broker, the length of time that the Property has been marketed and that the offer from the Buyers is the highest offer received, the Trustee believes that the proposed sale is in the best interest of the estate. The sale is also subject to overbid as discussed above.

1   The sale of the Property is on an "as is where is" and "with all faults basis".  The sale of
2   the Property is subject to bankruptcy court approval.  The Trustee requests that the order
3   approving the proposed sale state:  "This Order is effective upon entry, and the stay otherwise
4   imposed by Rule 62(a) of the Federal Rules of Civil Procedure and/or Bankruptcy Rule 6004(h)
5   shall not apply."  The Trustee also requests that this Court retain jurisdiction to resolve any
6   controversy or claim arising out of the sale of the Property.  Finally, the Trustee requests
7   authority to take whatever actions are necessary to consummate the sale of the Property,
8   including the execution of documents.

### B. Sale Free of Internal Revenue Service's Liens

10  The Internal Revenue Service recorded three Federal Tax Liens with the Monterey
11  County Recorder.  The first was recorded on March 12, 2012, Document No. 2012014972, in the
12  amount of $108,533.30.  The second was recorded on March 12, 2012, Document No.
13  2012014973, in the amount of $120,977.63.  The third was recorded on August 28, 2012,
14  Document No. 2012050092, in the amount of $42,854.31.  The Trustee is informed that the liens
15  are based on taxes assessed on substitute tax returns filed by the IRS since the Debtors failed to
16  file tax returns for the years 2004-2010.  The Debtors have informed the Trustee that the
17  substitute tax returns fail to account for substantial deductions that they are entitled to.  The
18  Trustee has requested the supporting documents from the Debtors so that her accountant can
19  assess the information and prepare and file amended returns if appropriate.
20  Under §363(f)(4) of the Bankruptcy Code, the Property may be sold free and clear of
21  IRS's liens if the liens are in bona fide dispute.  Since the Debtors have indicated that the liens
22  are too high because significant deductions were not accounted for, the liens are in bona fide
23  dispute.  The Trustee requests a limited time period to obtain the documents from the Debtors to
24  support their claim that there are unaccounted for deductions and to have amended returns
25  prepared and filed, if appropriate.  The Trustee requests authority to sell the Property free and
26  clear of the IRS's liens with the liens to reattach to the proceeds of the sale if and to the extent
27  valid.  The Trustee proposes to file amended returns and/or an objection to the IRS' secured
28  claim within 120 days of entry of an order approving the sale, and if the amended returns or

objection to the IRS secured claim are not filed by that time, the Trustee requests authority to pay the remaining proceeds up to the amount of the IRS' lien and, if requested pursuant to § 506(c) prior to such time, less the Trustee's and her professionals fees and expenses.

### C. Requirement for Debtors to Vacate Property.

The Property is required to be vacant by the close of escrow. One of the Debtors currently occupies the Property. In order to allow the Property to be sold for the benefit of the estate, the Trustee requests that the Court enter an order requiring the Debtors to vacate the Property by November 23, 2015. Pursuant to Bankruptcy Code § 105(a), the court may issue an order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. The sale of the Property is necessary for the Trustee to carry out her duty to liquidate the assets of the estate as required under Bankruptcy Code § 704(a)(1).

### 3. CONCLUSION

For the reasons stated above, the Trustee requests entry of an order 1) authorizing the sale of the Property free and clear of the liens of the IRS, 2) authorizing the Trustee to pay the Pennymac lien, property taxes and costs of sale, 3) authorizing the Trustee to pay her real estate broker, Jamal Noorzoy with Alain Pinel Realtors a 5% commission calculated on the sale price to be split with the Buyers' real estate broker; 4) providing that the Order is effective upon entry, and the stay otherwise imposed by Rule 62(a) of the Federal Rules of Civil Procedure and/or Bankruptcy Rule 6004(h) shall not apply, 5) authorizing the Trustee to take whatever actions are necessary to consummate the sale of the Property including execution of documents, and 6) requiring the Debtors to vacate the Property by November 23, 2015.

Dated: October 20, 2015                    GORDON & REES LLP

                                           By:   /s/ Sandi M. Colabianchi
                                                 Sandi M. Colabianchi
                                           Counsel to Doris Kaelin, Chapter 11 Trustee